The Equitable Life Assurance Society of the United States, Appellant, v. Sam Scherr and Jennie Scherr, Respondents.

First Department, December 3, 1937.

Peter C. Mann of counsel [Samuel M. Lane with him on the brief; Alexander & Green, attorneys], for the appellant.

Samuel Isaacson, for the respondents.

Townley, J. The plaintiff insurance company brought this action to rescind the reinstatement of a certain policy of insurance and to rescind the issuance of a further policy upon the ground that the reinstatement of the first policy and the issuance of the second had been procured by material misrepresentations.

On November 28, 1930, policy No. 8243546 was issued to defendant Sam Scherr (Jennie Scherr was named as beneficiary). This policy lapsed for non-payment of premiums on August 28, 1935. On October 25, 1935, Scherr made a written application for reinstatement of the policy. He represented that he was then in good health, that he had had no illness or injuries and that he had not consulted a physician or practitioner during the past five years. Plaintiff relied upon the representations contained in this application for reinstatement and in further reliance on them issued a second policy, No. 9923576.

On the trial the plaintiff called Dr. Adler, who had examined Scherr in relation to the defendant's application to the Prudential Life Insurance Company for another policy. The assured told Dr. Adler, according to the latter's testimony, that he had consulted a doctor within the last three years and that the doctor had told him he had heart trouble. He also said that his doctor, Dr. Furman, had not only diagnosed the disease as dyspnea but also diagnosed arteriosclerosis. Plaintiff also called Dr. Furman, who testified that he had treated Scherr professionally in 1931, 1934 and 1935. He testified that in each instance the insured suffered from a cold. He admitted, however, that he had himself written on March 12, 1936, that Scherr had been under his observation and treatment since 1930 and that for three years he suffered from coronary syndrome with several episodes of infarction. In this note he also said that he considered Scherr disabled and had repeatedly cautioned him to retire. Dr. Furman further admitted that in 1934 the insured's cold was insignificant compared with these other symptoms which persisted after the cold cleared up. For the other symptoms the doctor prescribed aminophylin. This is usually prescribed for coronary sclerosis in order to permit a greater influx of blood into the heart. Dr. Furman insisted that he prescribed it as a tonic but he admitted that he expected the drug to relax the coronary arteries. Scherr then took the stand as the only witness in his behalf. He testified that he did not know the meaning of dyspnea or precordial distress, that he had never told any one that he had a heart condition and that he did not remember telling Dr. Furman about any pressure on the chest. However, he never denied that he had taken aminophylin as prescribed by Dr. Furman.

The trial court found that the misrepresentations were harmless since they only related to consulting a doctor about a common cold. We think that this finding was not warranted by the testimony in the case. The evidence established without substantial contradiction that defendant had been under treatment by a

physician for some form of heart ailment since 1930. The existence of this condition was certainly one which would influence the determination of the company as to the acceptance of the application and entitle plaintiff to rescind the policies. (*Travelers Ins. Co.* v. *Pomerantz,* 246 N. Y. 63, and *Anderson* v. *Ætna Life Ins. Co.,* 265 id. 376.)

The judgment should be reversed, with costs, and judgment should be directed for the plaintiff as prayed for in the complaint, with costs.

Martin, P. J., O'Malley, Dore and Cohn, JJ., concur.

Judgment unanimously reversed, with costs, and judgment directed in favor of plaintiff as prayed for in the complaint, with costs. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.